### FORD v. BARTON et al. (No. 9280.)

(Court of Civil Appeals of Texas. Ft. Worth. April 3, 1920.)

1. Mines and minerals ⬤79(6)—Tender of rent after due held not to prevent termination of oil lease.

A tender by the assignee of an oil lease on March 7 of rent due March 1, delayed on account of illness in his family, did not prevent termination of the lease specially providing therefor unless lessee drilled a well or paid rent on or before the latter date.

2. Libel and slander ⬤130—Assignee of lease, having permitted its forfeiture, cannot recover for slander of title.

Where plaintiff, assignee of an oil lease, by failure to meet the condition of drilling a well or paying rent within the time specified, had permitted the lease to terminate, he was not entitled to a judgment for slander of title against lessors for asserting that the lease had terminated.

Appeal from District Court, Hood County; J. B. Kuth, Judge.

Action by H. L. Ford against W. E. Barton and others for slander of title, which was dismissed as to the defendant W. W. Jones for improper joinder. Judgment for defendants, and plaintiff appeals. Affirmed.

Padelford, Turner, Doyle & Bouldin, of Ft. Worth, for appellant.

Chandler & Pannill, of Stephenville, for appellees.

CONNER, C. J. The appellant instituted this action in the district court of Hood county against W. E. Barton and his wife, Irene Barton, and W. W. Jones, alleging in substance that he, the plaintiff, was the owner of a certain oil lease, described in the petition, which had been given by W. E. Barton and wife to said W. W. Jones, and later by said Jones duly assigned to the plaintiff. It was further alleged that the parties

named, conspiring together, were slandering the plaintiff's title by asserting the claim that said lease had been forfeited, thereby preventing a sale of the lease by the plaintiff at a greatly enhanced price, to his damage. The plaintiff therefore prayed that his title be confirmed, and said defendants be enjoined from further slandering his title, and that he recover his damages as specified in the petition.

Over the objection of plaintiff, the court dismissed W. W. Jones from the suit on the ground that he had been improperly joined under the allegations of the petition, and the other defendants answered by general demurrer, general denial, and, among other things, specially that the lease provided that, in the event no well had been commenced on the premises described therein on or before the 1st day of March, 1919, the said lease should terminate as to both parties, unless the lessee on or before that day should pay or tender to the lessor, or to lessor's credit at the Continental State Bank at Tolar, the sum of $120, which payment, if made, should operate as rental and confer the right of deferring the commencement to drill a well for a further period of 12 months. It was further specially alleged that no well had been dug within the time named in the lease, nor had there been any rental in any sum either paid to the lessor or deposited in the bank referred to. On a trial before the court upon the issues so stated, the judgment was for the defendants W. E. Barton and wife, and plaintiff has appealed.

[1] The court not only found, but the undisputed evidence shows, that the lease by the appellees Barton and wife to W. W. Jones, of which appellant in due course became the assignee, specially provided that the lease should terminate as to all parties, unless the lessee, on or before the 1st day of March, 1919, should drill a well or pay the rent as specified in the defendants' answer, and that neither provision of the lease had been complied with. The lease was clearly in the form of an option, and performance of the conditions named was necessary by the very terms of the lease to its continued operation after March 1, 1919. Appellant, therefore, cannot be relieved by the fact that the payment of the rental was delayed until the 7th day of March, 1919, when it was tendered to the defendant W. E. Barton, on account of absence in attendance upon members of his family, who were seriously ill. As held by this court in the case of Weiss v. Claborn, 219 S. W. 884, in an opinion handed down on January 20, 1920, stipulations with reference to drilling a well or payment of rentals are conditions for the termination or continuation of the lease term, and not covenants of the lessee, and that in the absence of some equitable defense, such as a

waiver or estoppel, as against the vendor, "the consequences of the nonfulfillment" of the conditions operate as a forfeiture of the estate, citing numerous authorities, which need not be here repeated.

Appellant had no plea of estoppel as against the vendors, Barton and wife, nor was it alleged that the particular dates as specified in the lease at which either a well should be commenced or rentals paid had been erroneously written through any accident, mistake, or fraud, so that we think it must be held that the terms of the lease, under the undisputed facts, conclusively preclude any right of recovery in appellant.

[2] It follows that appellant was shown to be without any cause of action for damages because of appellees' assertion of appellant's want of title as alleged, and hence that the error of the court, if any, in dismissing the defendant Jones, was harmless, as was the action of the court in overruling appellant's motion for continuance to secure the evidence of appellant and of other witnesses named to prove the alleged conspiracy on the part of appellees and Jones to slander the appellant's title.

We conclude that the trial court's conclusions of fact and law must be adopted, all assignments of error overruled, and the judgment affirmed.