**BAILEY v. WILLIAMS.** (No. 6203.)

(Court of Civil Appeals of Texas. Austin. May 19, 1920.)

**I. Mines and minerals ⬤⟿57—Oil and gas lease held mere option to explore land for oil and gas.**

Oil and gas lease, providing that it should become void on lessee's failure to commence and prosecute with due diligence drilling operation within 6 months, but that lessee could prevent forfeiture from year to year for specified number of years by paying a specified sum per acre to lessor for each year thereafter until well was completed, did not convey title to the oil and gas in the lands described, though lease contained words of grant, but was merely an option to explore the same; no title vesting until the gas or oil was produced.

**2. Principal and agent ⬤⟿92(2) — Receipt of rent by bank designated in oil lease was action of the lessor.**

Under an oil and gas lease entitling lessee to prevent forfeiture, by failure to drill within specified time, by payment of annual rental to certain bank, the bank was lessor's agent to receive the rents and its receipt of rents in accordance with the contract was the action of the lessor.

**3. Landlord and tenant ⬤⟿202(1)—Rent payable for fixed period not due until last day, where time of payment not fixed.**

When a certain amount is to be paid as rent for a fixed period and no time is stated in the lease when the rental is to be paid, it is not due until last day of the period for which the rent is to be paid.

**4. Mines and minerals ⬤⟿79(6) — Payment of rental after forfeiture of oil and gas lease insufficient to extend term.**

Where oil and gas lease provided for a forfeiture of the lease on lessee's failure to commence drilling operations and prosecute the same with due diligence within six months, and further provided that lessee could prevent such forfeiture from year to year for specified number of years by payment of specified rentals to designated bank yearly during such period, there was a forfeiture of lease for lessee's failure to commence drilling operations within the 6 months, or during such time pay the specified rentals for following year, notwithstanding payment of such rental subsequent to expiration of six-month period, since such payment, in order to prevent a forfeiture, must have been made before the forfeiture occurred, and since the bank had no authority to receive the rents except in accordance with the terms of the lease.

**5. Mines and minerals ⬤⟿73—Oil and gas lease to be construed favorably to lessor.**

Leases for oil and gas are to be construed most favorably to the lessor.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by Almeda Williams against D. R. Bailey. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilkinson & McGaugh, of Brownwood, for appellant.
I. J. Rice, of Brownwood, for appellee.

JENKINS, J. This case was tried before the district court without a jury. The nature of the case and the issues will appear from the findings of fact and conclusion of

law, filed by the district court, which are as follows:

#### "Findings of Fact.

"I find that the lease plaintiff sues to cancel is in words and figures as follows, to wit:

" 'The State of Texas, County of Brown.

" 'Know all men by these presents: That I, Mrs. Almeda Williams, a feme sole, of Brown county, Texas, the party of the first part, in consideration of the sum of eighty-two and 50/100 dollars paid by D. R. Bailey, party of the second part, the receipt of which is hereby acknowledged, and the further consideration hereinafter mentioned, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns, all of the oil and gas in and under the following described land, together with the right of ingress and egress, at all times for the purpose of drilling, mining, and operating for gas, oil or water, and to conduct all operations, to erect storage tanks and other necessary structures, and to lay all pipes necessary for the production, mining and transportation of oil, gas and water, with the right to use sufficient water, gas or oil, to operate said property, and shall have the right to remove all machinery, fixtures and improvements placed thereon at any time, reserving however, to the party of the first part the equal one-eighth of all oil produced and saved upon said premises, to be delivered in any pipe line to which well or wells may be connected, to the credit of the party of the first part.

" 'Should gas be found the party of the second part agrees to pay party of the first part $100 each year, payable quarterly for the product of each well on the premises, while same is being used; and party of the first part, by furnishing her own pipe connections, shall have sufficient gas, free of cost, for use in one dwelling house on the premises, so long as gas is utilized off the premises, at her own risk.

" 'No well shall be drilled within 300 feet of any building on said premises without the consent of said first party. Said land being of the following description, to wit: The south ½ of the H., T. & B. Ry. Co. sec. No. 40, certificate No. 5/89, in the name of John C. Linsley, abstract No. 2037 and being the same land conveyed by John C. Linsley to T. S. Williams by deed dated April 15, 1911, and recorded in Book 102 at page 119 of the Deed Records of Brown County, Texas, to which reference is here made, containing 330 acres more or less, to have and to hold the above-described premises, unto the said party of the second part, his heirs and assigns, on the following conditions: In case operations for the drilling of a well either for oil or gas is not commenced and prosecuted with due diligence within six months from this date, then this grant shall immediately become null and void, as to both parties; provided, that second party may prevent any forfeiture from year to year for 4½ years, by paying to the first party the sum of fifty cents per acre for each year thereafter, until such well is completed, and it is agreed that the completion of a well shall operate as full liquidation of all rentals under this provision during the remainder of the term of this lease, which

payments can be made at the Coggin National Bank of Brownwood, Texas, or be payable direct to the party of the first part.

" 'In case the party of the second part should bore and discover either oil or gas, then, in that event, this grant, incumbrance or conveyance, shall be in full force and effect for twenty-five years from the time of the discovery of such product, and as much longer as oil or gas may be produced in paying quantities thereon.

" 'This grant is not intended as a mere franchise, but is intended as a conveyance of the property above described for the purpose herein mentioned, and it is so understood by both parties to this agreement.

" 'It is understood by and between all the parties to this agreement that all conditions between the parties hereunto shall extend to their heirs, executors, administrators and assigns.

" 'Witness our hands, this 10th day of July, 1917.                    Mrs. Almeda Williams.'

"I find that neither defendant nor any one else made any development for oil, gas, or other minerals on the land covered by said lease, after the execution of said lease.

"I find that defendant paid plaintiff $165, which was the rental due by the terms of said lease for the year beginning with January 10, 1918, and ending January 10, 1919. I find that said rent was paid January 10, 1918.

"I find that defendant deposited the rental for another year, that is, for the year beginning January 10, 1919, and ending January 10, 1920, in the Coggin National Bank of Brownwood, Tex., to credit of plaintiff on the 24th day of January, 1919, and that plaintiff refused to accept it, and still refuses to accept it, for the reason she claimed the lease had expired on January 10, 1919, for failure to develop or pay the rent on or by said date.

#### "Conclusion of Law.

"I conclude from the facts stated above that said lease expired January 10, 1919, for failure to develop or pay the rental on or before said date."

### Opinion.

There is no dispute as to the facts in this case, the only issue being as to the correctness of the conclusion of law reached by the trial court.

[1] Though the lease in this case contains words of grant, it is well established in this state that such an instrument does not convey title to the minerals in the lands described, but only an option to explore the same, no title vesting until the oil, gas, or other minerals are produced. Owens v. Corsicana Oil Co., 169 S. W. 194; Witherspoon v. Staley, 156 S. W. 558.

[2] It appears from the findings of fact that the rental provided for in the contract was paid to the bank mentioned therein. This payment, if made in time, was binding on appellee. The bank was the agent of appellee to receive the rents, and if it did so in accordance with the terms of the contract, its action was the action of its principal, the appellee herein. Cockrum v. Chris-

ty et al., 223 S. W. 308, decided by this court, and not yet officially reported.

This case is on all fours with the case of Witherspoon v. Staley, supra. The same form of lease was used in both cases. The only difference being that in the Witherspoon Case operations were to begin within 60 days from the date of the lease, and in the instant case the time fixed is 1 year. The rentals in the Witherspoon Case were to be paid for periods of 60 days. In the instant case the rentals were to be paid annually.

[3] The law with reference to payment of rentals on leases is that when a certain amount is to be paid as rent for a fixed period, and no time is stated in the lease when the rental is to be paid, it is not due until the last day of the period for which the rent is to be paid. It has been held that this is applicable to oil and gas leases as well as to other contracts. 2 Thornton's Law of Oil and Gas, p. 1215, § 914; Gillespie v. Fulton Oil Co., 236 Ill. 188, 86 N. E. 219–226; Rhodes v. Mound City Gas Co., 80 Kan. 762, 104 Pac. 851–853; Blodgett v. Lanyon Zinc Co., 120 Fed. 893–900, 58 C. C. A. 79; Dix River Co. v. Pence (Ky.) 123 S. W. 263, 264; Warren Oil Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698, 699.

In each of the above cases, the lessee, in order to avoid a forfeiture, or, to use the language of the court in some of said cases, "in order to extend the lease," was obligated to do one of two things, namely, to drill within a specified time, or to pay rental for a specified period. If the drilling had been begun, of course there would have been no forfeiture. Drilling was not begun within the specified time in any of the cases above cited, but, if the rental was paid or tendered on or before its due date, then by the terms of the lease no forfeiture occurred. If the rental had not been tendered, as it was in the cases above cited, until after the due date, then by the terms of the lease the forfeiture would have occurred. The payment of rental would not have thereafter reinstated such forfeited lease. The due date in the leases referred to in the above-cited cases not having been specifically fixed, the rent was not due until the last day of the term for which it was to be paid.

In the instant case, however, the lease specifically provides:

"In case operations for the drilling of a well either for oil or gas is not commenced and prosecuted with due diligence within six months from this date, then this grant shall immediately become null and void as to both parties."

If there had been no other provision in the lease than the one cited, drilling not having been commenced within a specified time, there could be no contention that the lease had not become absolutely null and void by the failure to drill. The lease, however, contains the following:

"Provided that the second party may prevent any forfeiture from year to year for 4½ years by paying to the first party the sum of fifty cents per acre for each year thereafter until such well is completed."

[4, 5] A thing cannot be prevented after it has already occurred. The failure to begin the well rendered the lease absolutely void, unless prevented by the payment of the rental, as specified in the lease. Such payment, in order to prevent a forfeiture, must have been made before the forfeiture occurred. The rental was paid and accepted by the lessee for the first year, and this prevented a forfeiture for a period of 12 months, which period expired on January 10, 1919. The rental not having been paid before the expiration of this term, the proviso in the lease has no application, and by the terms of the lease it became void on the date last mentioned. The payment of the rental to the bank after that date could not have prevented a forfeiture, for the reason that the same had already occurred, and it would not, under the terms of the lease, reinstate the forfeited lease. The bank, as the agent of appellee, had authority to receive the rent only in accordance with the terms of the lease. It had no authority to receive the same after the lease had become forfeited. We think this is a correct interpretation of the lease in question, without reference as to whether such lease is to be liberally or strictly construed. The rule in this state, however, is that leases for oil and gas are to be construed most favorably to the lessor.

Applying such rule to the construction of the lease in this case, we are satisfied that we were correct in our construction of the lease in the Witherspoon-Staley Case, supra, and upon authority of that case, as well as our view as to the construction of this lease, we affirm the decision of the trial court.

BRADY, J. My concurrence in the above opinion is limited to the conclusion that the case should be affirmed upon the authority of Witherspoon v. Staley, 156 S. W. 557. The memorandum of the Supreme Court, in refusing the writ of error in that case, discloses that the court expressly approved the holding of this court that the lease was forfeited, and, in effect, that the lease contract required payment of the rental in advance, in order to avoid a forfeiture. Being unable to distinguish, in principle, the facts of the instant case from those in the Witherspoon-Staley Case, upon this point, and in deference to the decision of the Supreme Court, I agree to the conclusion that the lease here was forfeited, and that the case should be affirmed.