**STEPHENSON et al. v. STITZ et ux.**
(No. 6606.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1921.)

1. **Appeal and error ☞733, 748(1)—Assignment court erred under undisputed evidence stricken as too general.**

An assignment that the court erred as matter of law under the undisputed facts in decreeing cancellation of the lease is too general, especially when not followed by any proposition pointing out a specific reason why the lease should not have been canceled, and will be stricken for failure distinctly to specify the particular error as required by Rev. St. art. 1612, and Rules 24, 25, 26 (142 S. W. xii).

2. **Cancellation of instruments ☞43—Pleadings held not to render admissible evidence of want of consideration.**

Where the petition adopted as part of the pleading an oil and gas lease, which recited the consideration therefor, and did not allege that the actual consideration differed from that recited, the only reference thereto being a general allegation that the lease was without any consideration paid, evidence tending to vary the consideration as recited in the contract was inadmissible.

3. **Appeal and error ☞204(2)—Evidence showing payment additional to recited consideration held fundamentally objectionable.**

In a suit to cancel an oil and gas lease, where there was no allegation that the consideration for the lease differed from that recited therein, evidence that a payment made by defendant to plaintiff, which defendant claimed was for rental in advance, was paid as additional consideration for executing the lease, was fundamentally erroneous, though admitted without objection.

4. **Mines and minerals ☞78(7)—Evidence held not to support a finding that a payment was made as part of the consideration for a lease.**

In a suit to cancel a lease for failure to comply with its terms, evidence *held* not to support a finding that a payment made at time of its execution was a part of the consideration therefor and not a payment of rental in advance in lieu of drilling.

Appeal from District Court, Bexar County; M. A. Childers, Judge.

Suit by J. V. Stitz and wife against W. M. Stephenson and others to cancel an oil and gas lease. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

W. H. Kennon, of San Antonio, for appellants.

V. H. Blocker, of Hondo, for appellees.

SMITH, J. On August 29, 1918, appellees Stitz executed and delivered to appellant Stephenson an oil and gas lease upon a 50-acre tract of land owned by them and situated in McMullen county, for a recited consideration of $1, plus the usual royalties reserved by lessors in such cases.

On November 11, 1920, appellees brought this action to cancel the lease, upon the grounds: (a) That appellant obtained the same by fraudulent representations; (b) that it was unilateral in its terms, and without consideration; and (c) that appellant had failed to comply with the conditions imposed upon him therein. The evidence and the findings of fact and law by the trial court eliminated all but the last of these contentions, and so the only question remaining in the case is that of whether or not appellant so failed in his obligations under the lease as to forfeit the same. Appellees assert that this default of appellant consisted in his failure to begin drilling within the year next following the execution of the contract on August 29, 1918, and his further failure to pay the required annual rental on or before that date, as provided in the contract.

Trial was had before the court without a jury, resulting in a judgment in favor of appellees Stitz, canceling the lease contract, upon the ground that appellant had not begun drilling, or paid any rental, by the end of the first year.

[1] Appellant's first assignment of error, submitted as a proposition, and as the only proposition thereunder, is that—

"The court erred, as a matter of law under the undisputed facts, in decreeing a cancellation of the lease contract in question."

Obviously this assignment is too general to invite consideration, especially so when not followed by any proposition pointing out a specific reason why the lease should not be canceled. It is no less general than would be an assignment that the "court erred in rendering judgment cancelling the lease." Since the assignment does not distinctly specify any particular error, as required by both statute (Rev. St. art. 1612) and rules (Rules 24, 25, 26, 142 S. W. xii), but is broad enough to comprehend every error affecting the judgment, it must be regarded as waived. We sustain appellees' motion to strike out this assignment. City of San Antonio v. Alamo National Bank, 52 Tex. Civ. App. 561, 114 S. W. 909; Cartmell v. Gammage, 64 S. W. 316.

The contract recited that it was executed for a cash consideration of $1 paid, and provided, in short, that if the lessee did not begin drilling within a year from the date of its execution, the lessor could, upon written notice, terminate the lease, unless the lessee before the expiration of the year paid an annual rental of $12.50.

[2] In their trial petition appellees did not affirmatively set out any of the provisions of the contract, but attached to the petition

a copy of the contract and adopted it in whole as a part of the pleading. No allegation was made that the actual consideration differed from, or was greater or less than, the recited consideration. The only reference made to the consideration was the general and unverified allegation that the lease contract "was without any consideration, independent or otherwise, paid." In this state of the pleadings, neither party could properly go into the question of the consideration for the lease or introduce any testimony varying or tending to vary the consideration as recited in the contract. Nevertheless, it was shown by both parties that at the time of the execution of the contract appellant paid appellees $12.50 in cash and delivered to them $50 worth of piping. Appellees testified that these considerations were paid them by Stephenson "in lieu of drilling," and as rental for "the first year," which they explained they understood to mean the 12 months next following the date of the lease, August 29, 1918. Appellant Stephenson and his son testified, however, that the payment of $12.50 was to cover the rental for the first year provided for in the lease, that is to say, from August 29, 1919, to the same date in 1920. It appears that all of this testimony was admitted without objection from either party.

[3] If the testimony of appellees was intended to show these payments to have been a part of the down payment, or consideration, for the execution of the lease, then it was, of course, fundamentally objectionable, both as being without any support in the pleadings, and as varying the express recitals in the contract. If this testimony was intended merely to show that the payments were made "in lieu of drilling," and to cover rental, then, as far as the $12.50 payment was concerned, it was subject to neither objection; since the contract provided for the payment of an annual rental of $12.50 "in lieu of drilling," and the pleadings raised the issue of whether or not the annual rental for the period of August 29, 1919, to the same day in 1920, was paid.

[4] The court found as a fact, however, that the $12.50 payment was a "part of the consideration for the execution of the lease contract rather than a rental payment thereon." We are of the opinion that the record does not sustain this finding of fact. Aside from the lack of pleading to support the finding, and aside from the fact that it is at variance with express recitals in the contract, we have been unable to construe the testimony so that it will support this finding. No witness testified that the $12.50 payment was any part of the consideration moving appellees to execute the contract. All the four witnesses testified, on the contrary, that the payment was "in lieu of drilling," was a rental payment. Appellees contended in their

testimony that they understood the rental period to be covered by the payment was from August 29, 1918, the date of the contract, to August 29, 1919. But, by the express terms of the contract, no rental could accrue until the end of that period, and not then except in default of drilling. Accordingly, it occurs to us to be conclusive that if any rental was paid it must be applied to the first period in which it accrued, and it being conceded that a year's rental was actually paid to the lessors, it automatically covered the 1919–1920 period, as provided in the contract.

In view of the doubt surrounding the purpose and application of the payment made in pipe, and of the payment of $12.50 in cash, we do not feel warranted in rendering judgment, but prefer to remand the cause, in order that, if the parties desire to do so, they may replead the case and try it upon its true merits.

Reversed and remanded.