**STEPHENSON et al. v. STITZ et ux.**
(No. 7009.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1923. Rehearing Denied Nov. 28, 1923.)

1. **Evidence ⊕⇒419(11)—Extraneous proof admissible to show consideration of written instrument.**

Where a nominal or no consideration is expressed in a written contract, one may be shown by extraneous proof, and such proof may be used to vary the consideration of which there is a recital, the only qualification being that the consideration proved must not be inconsistent with that expressed.

2. **Mines and minerals ⊕⇒73—Lease construed against lessee.**

An oil and gas lease will be strictly construed against the lessee.

3. **Mines and minerals ⊕⇒77—Forfeitures favored in leases.**

Though under the general rule forfeitures are not favored, they are favored in contracts for lease for oil and gas.

4. **Mines and minerals ⊕⇒78(3)—Forfeiture of lease declared by lessor effective after notice.**

Where an oil and gas lease provided that unless lessee began drilling within a year or that such operation might be deferred from year to year by payment of a stated amount yearly, on default of lessee in failing to begin drilling within the prescribed period, and not exercising the alternative of paying rent, a forfeiture declared by lessor was effective after notice.

5. **Mines and minerals ⊕⇒78(2)—Lessor's remedy for default suit to forfeit and cancel oil and gas lease, or recover rental continuing it in force.**

Where an oil and gas lease provided that lessee must begin drilling operations within one year, or that he could defer such operation from year to year by payment of a named sum per annum, on lessee's default lessor could forfeit or cancel the lease, or in the alternative could sue to recover the rental, thus continuing the lease in force.

6. **Appeal and error ⊕⇒733—Assignment that judgment was contrary to law and evidence too general.**

An assignment that a judgment was contrary to the law and evidence is too general for consideration.

On Motion for Rehearing.

7. **Appeal and error ⊕⇒835(2)—Inconsistencies in evidence cannot be first assigned on motion for rehearing.**

Where inconsistencies between plaintiff's evidence as shown in the record on the first appeal and the record in the second were not presented at the original hearing, they cannot be first urged on motion for rehearing.

Appeal from District Court, Bee County; T. M. Cox, Judge.

Suit by J. V. Stitz and another against W. M. Stephenson and others, to cancel an oil and gas lease. Judgment for plaintiffs, and defendants appeal. Affirmed.

Hadden, Quinn & Hoyo, of San Antonio, for appellants.

Dougherty, Dougherty & Tarlton and R. L. Cox, all of Beeville, for appellees.

SMITH, J. In this suit appellees obtained judgment canceling an oil and gas lease executed by the parties, covering land in McMullen county, and owned by appellee. This is the second appeal in the case, appellees having obtained judgment in the first trial, and that judgment having been remanded by this court. 235 S. W. 271.

The lease in question was dated August 29, 1918, and embraced the following, among other provisions:

"(7) Lessee to have and to hold the said above-described land for five (5) years from date and during the continuance of actual work or drilling by said lessee or his assignee, and for as long thereafter as oil or gas is found thereon in paying quantities. * * *

"(10) Lessee agrees to begin operations for drilling a well for oil or gas, on the above-described land, and to prosecute the same, with reasonable diligence, unavoidable circumstances excepted, within one (1) year from date, or this contract, upon notice in writing to the lessee, may be declared null and void; however, the beginning of operations upon the land above described may be deferred from year to year for five (5) years from date, by the payment of twelve $50/100$ dollars per annum, to lessors, which payment lessee hereby agrees to make, and the mailing of a check for the full amount due lessors to their last-known post office address, or to Live Oak Co. State Bank at Three Rivers, Texas, to be placed to lessors' credit, shall be considered as fulfillment of payment for the extension of time."

It was recited in the contract that the consideration for the execution thereof by ap-

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellee was the payment to him of $1 in cash. Under appropriate pleadings, it was shown by evidence sufficient to warrant the jury's finding that the true consideration was $12.50 in cash, and 60 feet of pipe, which appellant delivered to appellee about the time the contract was executed. Appellant complains of the admission of evidence showing the alleged true consideration of the lease, asserting the several propositions: That prior oral negotiations relating to the contract were merged into the executed instrument; that "in the absence of proof of fraud or other wrongdoing 'true consideration' cannot be shown for the purpose of working a forfeiture"; and that the contractual provisions of a written agreement cannot be varied by parol evidence. Assuming that all these propositions are correct in the abstract, they are inapplicable here. There was no effort to vary any contractual obligation expressed in the written agreement, but it was shown, simply, that the consideration was not, merely, $1 in cash, as recited, but was $12.50 in cash and 60 feet of pipe.

[1] It is a well-settled rule of common law that where a nominal or no consideration is expressed in a written contract one may be shown by extraneous proof, and so may such proof be used to vary the consideration of which there is a recital, the only qualification of the rule being that the consideration proved must not be inconsistent with that expressed in the deed. Taylor v. Merrill, 64 Tex. 494; Silliman v. Oliver (Tex. Civ. App., writ refused) 233 S. W. 867. Appellant's first and second propositions will be overruled.

It is contended by appellant that under the provisions of the contract the lessor could not effectually forfeit the lease until the lessee was given a reasonable time, after receiving notice, within which to do the thing necessary to prevent forfeiture. It was provided in the contract that the lessee should begin drilling operations "within one year from" August 29, 1918, "or this contract, upon notice in writing to the lessee, may be declared null and void; however, the beginning of operations * * * may be deferred from year to year * * * by the payment of $12.50 per annum to lessors, which payment lessee hereby agrees to make," etc. The proof showed that appellant did nothing towards development of the land during the first year, and has never done anything to that end. It further appears that he paid no rental to appellee within the year; and that on August 30, 1919, the day following the expiration of the year, appellee gave written notice to appellant of his election to terminate the lease; that on the following day, August 31, appellant tendered the year's rental to appellee, who refused to accept it and reiterated his declaration of the termination of the lease. On the following day appellant deposited the amount of the rental to the credit of appellee in the bank designated in the contract, but appellee refused to accept the same, and brought this suit to enforce the forfeiture of the lease.

[2, 3] The contract involved being an oil and gas lease, it will be strictly construed against the lessee, and, although under the general rule forfeitures are not favored, they are in fact favored in contracts of this character.

[4] The provision in this contract requiring the lessee to begin development upon the lessor's land within the first year will be strictly enforced, under the foregoing rule. The lessee defaulted in this obligation, and such default gave the lessor the absolute right to declare the lease forfeited, provided notice of such forfeiture was given lessee before the latter paid the stipulated rental to lessor. Stated differently as the lessee did not begin drilling within the prescribed period, and as he did not exercise his only alternative of paying the rent, the forfeiture declared by the lessor was rendered effective by giving notice thereof to the lessee. Bailey v. Williams (Tex. Civ. App.) 223 S. W. 312; Clemenger v. Flesher (Tex. Civ. App.) 185 S. W. 304; Ford v. Barton (Tex. Civ. App.) 224 S. W. 268; Hickernell v. Gregory (Tex. Civ. App.) 224 S. W. 691. Appellant's third proposition is overruled.

[5] It is contended by appellant, in his fourth proposition of law, that appellee's remedy was a suit to recover the rental due under the contract, and not a suit to cancel the lease. The contract, however, gave appellee the express right to forfeit or cancel the lease upon the happening of the very contingency that occurred. Appellee exercised the right by giving appellant notice of the forfeiture he had declared, and sought in the suit to enforce that forfeiture. Of course, he had the alternative of collecting the rental from appellant, thus continuing the lease in force, but he did not elect to pursue that course, and was not bound to do so. Appellant's fourth proposition is overruled.

[6] We think appellee's petition in the court below stated a cause of action, and that appellant's general demurrer was properly overruled. This conclusion disposes of appellant's fifth proposition, and the sixth and last proposition, and assignment on which it is predicated, that "the judgment of the court is contrary to the law and the evidence," are too general for consideration. The judgment is affirmed.

## On Motion for Rehearing.

[7] In their motion for rehearing and in support of the first proposition discussed in the original opinion, appellants call attention, for the first time, to the somewhat flagrant inconsistencies between the testimony of appellees as shown in the record on the

first appeal, and in the record on the second appeal. As appellants made no complaint of this matter in the original presentation, they cannot do so on motion for rehearing for the purpose of a reversal.

It was said, in our original opinion, that appellants' sixth proposition "and assignment on which it is predicated" are too general for consideration. While the proposition was properly disregarded, because too general, the assignments on which it purports to be based are not subject to that criticism.

Appellants' motion for rehearing is overruled.