## SOUTHERN UNDERWRITERS v. WEST.
### No. 10566.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1939.

Rehearing Denied March 29, 1939.

Benbow, Saunders & Holliday, Sam Holliday, and Levert J. Able, all of Houston, for plaintiff in error.

H. K. Stanfield, of Corpus Christi, and Charles J. Lieck, of San Antonio, for defendant in error.

MURRAY, Justice.

This is an action arising under the Workmen's Compensation Law, Art. 8306 et seq., Vernon's Ann.Civ.St. S. O. West is the alleged injured employee, Ben F. Smith the employer, and the Southern Underwriters, the insurance carrier.

West alleges that while engaged in the course of his employment with Ben F. Smith, as a roughneck, he "and co-workers were pushing the elevators from the rotary, and the bail came out of the hook, striking plaintiff on the right side of his head, neck and shoulders; that as a proximate result of said accident, plaintiff sustained the following injuries, to-wit: There was a piece of the cervical vertebrae broken off, which has produced an injury to the nerve supply of the right ear, causing complete loss of hearing. This bone has become known as a sequestrum or dead bone, producing an inflammation of the nerves, muscles and tendons in the cervical and scapular region, resulting in total and permanent disability. In this connection, plaintiff would show that the muscles, ligaments and tendons of his right arm and shoulder and completely down to his back, were severely wrenched, sprained and injured, causing a marked ankylosis of the right arm and shoulder.".

Some days after the jury had returned a special verdict favorable to West, and after the insurance carrier had filed a motion for an instructed verdict, motion for judgment non obstante veredicto and motion for new trial, defendant in error, West, apparently became dissatisfied with his pleadings, and with leave of the court, and over the objection of plaintiff in error, filed a trial amendment describing his injury as follows:

"That as a result of the injury from being struck on the head, neck and shoulders the plaintiff received an injury to his neck and the cervical vertebrae thereof and particularly in the lower portion of the neck in the vicinity of the sixth and seventh cervical vertebrae, resulting in a roughening of such vertebrae as well as injuries to the muscles, ligaments and

tendons in the vicinity of the neck at the base thereof, causing a stiffness and marked limitation of the motion of the neck and head, and that as a result of the aforesaid injuries the plaintiff has become deaf in his right ear all of which resulting in total and permanent disability."

After the filing of this trial amendment the plaintiff in error, the Southern Underwriters, asked leave of the court to withdraw its announcement of ready and for a continuance of the cause, which was by the court denied and judgment entered allowing West a lump sum recovery in the amount of $6,530; from which judgment the Southern Underwriters have prosecuted this appeal.

Plaintiff in error's first contention is that there is a fatal variance between the allegation and the proof, in that the petition alleges West's injury to be a sequestrum or dead bone in his neck, while the proof shows that there is no sequestrum, or dead bone, in his neck.

Defendant in error went to trial upon his second amended original petition, which described his injury in detail as a sequestrum, or dead bone, in his neck causing certain disagreeable results. The trial amendment filed many days after the verdict did not change the fact that the jury only had before them at the trial a pleading describing an injury in detail. Furthermore, the trial amendment was in vague and general language, which could not be given controlling effect over the specific allegations contained in the amended petition.

■ The proof offered by both the plaintiff in error and defendant in error establishes that the defendant in error does not have a sequestrum, or dead bone, in his neck. Therefore, there is clearly a variance between the allegation and the proof, or at least a failure to establish by evidence the injury so definitely described in the pleadings.

In Commercial Standard Ins. Co. v. Noack, 62 S.W.2d 72, 74, Judge Critz, speaking for Section A of the Commission of Appeals, used this language: "For the purposes of this discussion we will concede that the evidence shows that Noack was disabled from labor, but he alleges that such disability resulted from inhaling carbon monoxide gas while working on an automobile with the engine thereof running.

He must recover, if at all, under the allegations of his petition."

■ That the proof and the allegation must correspond is so well established in this State that no authority is necessary, however, we cite the following: Stephenson v. Stitz, Tex.Civ.App., 235 S.W. 271; Automobile Ins. Co. v. Bridges, Tex.Civ. App., 5 S.W.2d 244; Denison v. League, 16 Tex. 399, 400; Texas Pac. Ry. Co. v. Grimes, Tex.Civ.App., 21 S.W. 402; Cooper v. Loughlin, 75 Tex. 524, 13 S.W. 37.

The error pointed out above is intensified by the manner in which the issue of injury was submitted to the jury. Special Issue No. 1, of the court's charge, together with the answer thereto, was as follows:

"Do you find from a preponderance of the evidence that the plaintiff sustained an injury in the course of his employment with Ben F. Smith, on or about July 26, 1937? Answer: 'Yes' or 'No.'

"We, the jury, answer: 'Yes'."

■ Plaintiff in error objected to this issue because there was no evidence justifying its submission, and because it was too general and permitted the jury to take into consideration injuries and incapacities other than may have been sustained by the defendant in error, and other than those alleged in his petition, and does not confine the jury to the allegations of defendant in error's petition supported by the evidence, in determining whether or not the defendant in error sustained the personal injuries inquired about. The objection should have been sustained. The pleadings having definitely described in detail the injury alleged to have been suffered by defendant in error, it was not proper to submit the issue in general language so as to include injuries not described in the pleadings. And especially is this true when the evidence conclusively shows that defendant in error did not sustain the injury described in the petition. 41 Tex.Jur. 1092; Traders' & General Ins. Co. v. Low, Tex.Civ.App., 74 S.W.2d 122, writ of error refused; New Amsterdam Casualty Co. v. Rutherford, Tex.Civ.App., 26 S.W.2d 377; Security Mutual Casualty Co. v. Bolton, Tex.Civ. App., 84 S.W.2d 552; Texas Ind. Ins. Co. v. Pemberton, Tex.Civ.App., 9 S.W.2d

65; Casualty Underwriters **v.** Lemons, Tex.Civ.App., 114 S.W.2d 333.

There are many other propositions but, as the errors complained of will probably not occur upon another trial, they will not be discussed here.

For the error pointed out, the judgment is reversed and the cause remanded.