## TRADERS & GENERAL INS. CO. v. RICHARDSON.

### No. 14113.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 4, 1940.

Rehearing Denied Nov. 15, 1940.

Will R. Saunders and Henry D. Akin, both of Dallas, for plaintiff in error.

Leake, Henry, Young & Golden and J. Manuel Hoppenstein, all of Dallas, for defendant in error.

BROWN, Justice.

This is a workmen's compensation case. The record is voluminous and the issues presented have arisen in many cases during the last few years.

For these reasons, we will not discuss all of the points, but will attempt to cover only those that seem to us outstanding.

Tried to a jury, there were submitted, by the trial court, more than thirty special issues.

The allegations of the claimant's petition, with reference to his employment, are, that: on November 2, 1937, he received and sustained serious and painful injuries while working for and on behalf of George L. Pace and/or Pace Petroleum Company, Inc., a corporation, duly incorporated under the laws of Texas, or some other State, or if plaintiff be mistaken as to the legal status and nature of said company, which is not within the knowledge of this plaintiff, then plaintiff represents to the court that the said business known as George L. Pace and/or Pace Petroleum Company, Inc. was a partnership doing business under the name of George L. Pace and/or Pace Petroleum Company, Inc., which said name was used for convenience purposes and that the said plaintiff was working for and on behalf of a business known as George L. Pace and/or Pace Petroleum Company, Inc., of whatever legal status said company may be, the plaintiff not knowing who, if any, the partners are.

These allegations are followed by those stating that the appellant insurance carrier "issued to George L. Pace and/or Pace Petroleum Company, Inc. (a corporation or a partnership)" the policy of insurance made the basis of the suit. Allegations follow to the effect that the policy was so issued to cover the employees of the parties named, "whether the same was individually owned, was a corporation, or partnership", etc.

Many injuries and results of injuries are alleged to have been sustained by the claimant by reason of his holding to what is known as a "catline", which was heavy and which was being held also by a fellow workman who suddenly turned the line loose and thus jerked the claimant violently.

The injuries alleged are all internal. That is to say, no bruises or lacerations to the surface of any portion of the body are set forth, but his allegations are as follows:

"That as a result of the dropping of said line, as above particularly set forth, plaintiff received serious and painful personal injuries in and about his shoulders, abdomen and back, that he immediately thereafter suffered severe pain in and about these portions of his body and particularly about the midline and to the right of his abdomen. That plaintiff, as a result therefrom, was ruptured and the lining and muscular portions of his abdomen, together with his internal organs, were jerked and torn; that the walls of plaintiff's stomach were lacerated and holes torn therein and plaintiff's internal organs, including his intestines, were injured, dislocated, mashed, bruised, jerked and torn loose, causing plaintiff severe internal pain. That plaintiff's shoulders and the bones and muscles and nerves in between same, and leading to and from same, were severely sprained, dislocated, twisted and drawn out of alignment, likewise causing plaintiff severe pain in that region of his body. Plaintiff's back was severely wrenched and sprained and all of the tendons, leaders, ligaments, muscles, nerves and blood vessels connected with plaintiff's spine and in his back, and leading thereto and therefrom, were jerked, torn and pulled loose, strained and sprained causing plaintiff to suffer severe and excruciating pain in his back, incapacitating plaintiff from stooping and bending, from lifting or placing weight upon his back without suffering great and severe pain in that region. That plaintiff suffered and continues to suffer severe and painful injuries to his entire nerves and nervous system. That he has continuously, since the date of said injuries, been rendered extremely weak and nervous and has constantly, from said date, continued to lose weight, being rendered thereby at present extremely nervous and weak and considerably underweight. That as a result of said injuries,

plaintiff was immediately rendered violently sick at his stomach and nauseated, causing him to vomit immediately after receiving said injuries. And that he has almost continuously and for prolonged periods since his said injury, been rendered nauseated and sick at his stomach, causing him to vomit frequently. That plaintiff's digestion has been seriously affected and he has very frequently been unable to retain food or nourishment, during which spells he was forced to remain in bed and is in a constant nauseated state, which is extremely painful and uncomfortable. That said condition has caused plaintiff to lose considerable weight, thereby rendering him extremely nervous, weak and underweight, which said condition does not improve or get better and which condition seems to be progressive. That by reason of the above mentioned injuries, plaintiff has suffered, does suffer, and will continue to suffer in the future, severe and excruciating mental and physical pain."

The claimant sought to recover compensation under first subsections 1, 2 and 3 of Section 1 of Article 8309, R.C.S., Vernon's Ann.Civ.St. art. 8309, § 1, first subds. 1–3, pleading same alternatively, and the insurance carrier, in its pleading, admitted that "there were other employees of the same class as the plaintiff who worked substantially the whole of the year immediately preceding November 2, 1937, in the same or similar employment in the same or a neighboring place to that in which the plaintiff was working on November 2, 1937, but this defendant specifically denies that said other employees earned the sum of $4 per day, working seven days per week, during such time, and demands that strict proof be made thereof."

These admissions are noticed here because the trial court submitted the case to the jury under subsection 3 of above cited statute, rather than under subsection 2 thereof.

Issue No. 1 and the jury's finding thereon are: "Do you find from a preponderance of the evidence that the plaintiff, Elmer Richardson, sustained accidental personal injuries while working on the Winstead Lease, on or about November 2, 1937?" Answer: "Yes"; to issue No. 2 the jury answered that the injuries were sustained by plaintiff while working as an employee of Pace Petroleum Company, Inc.; to issue No. 3, that such injuries were not sustained by him while working as an employee of George L. Pace, and to issue No. 4 that same were not sustained while working as an employee of Pace and McClure; 4a and 4b were not answered, being conditionally submitted, and to 4c the jury answered that the injuries were received in the course of plaintiff's employment with Pace Petroleum Company, Inc., and to 4d that same were not received while in the course of employment with George L. Pace, and 4e was not answered, same being submitted conditioned upon the answer to Issue 4; to issue No. 5 the jury found that plaintiff sustained total incapacity; Issue No. 6 is: "Do you find from a preponderance of the evidence that such total incapacity, if any, was not permanent? Answer 'It was permanent' or 'It was not permanent'.", and the answer is: "Permanent"; issue No. 7 was not answered, being conditioned upon the answer to issue 6; issue 7a and the answer are: "Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, was not partial? Answer 'It was not' or 'It was'.", Answer: "It was not"; issue 7b and the answer are: "Do you find from a preponderance of the evidence that the incapacity, if any, of the plaintiff was not temporary? Answer 'It was not' or 'It was'. Answer: "It was not"; issues Nos. 8, 9, 10, 11 and 12 were not answered, being conditioned upon the answer to issues theretofore submitted; issue No. 13 and the answer are: "What sum of money do you find from a preponderance of the evidence as the average weekly wage of the plaintiff during substantially the whole of the year immediately preceding November 2, 1937, which you deem to be just and fair to both parties, plaintiff and defendant?" Answer: "$28.00 week."

We will not notice issues 14 to 25, inclusive (except No. 15), which inquire as to other injuries and diseases suffered by the claimant and suggest that upon the next trial all issues be so drawn that the burden of proof is properly placed.

Issue No. 26 is: "Do you find from a preponderance of the evidence that the plaintiff was not working on the Pace and McClure rig on the occasion when he claims to have been injured?" The answer is: "No".

To issue 15 the jury returned a verdict for a lump-sum settlement.

■ A great many objections were urged against the charge and they cover about 75 pages of the transcript. The appellee (claimant below), who obtained a judgment on the verdict, objects to our considering these objections on the theory advanced by certain Courts of Civil Appeals in causes cited in the brief, but we find that the Supreme Court has granted writs in these cases and we would not follow the opinions for that reason, but this court is of opinion that no matter how many objections are urged against the charge of the court and no matter how many such objections appear to be frivolous, if they do so appear, either to the trial court or to the appellate court, nevertheless, if there are to be found among such objections any that plainly point out, in language that may be understood by the average trial judge, the error complained of, we should consider the assignments of error bottomed on such objections.

Every member of this court has served as a district judge and it is our common experience that when we hurriedly considered the objections urged against our charges, we usually fell into error.

■ We are in hearty accord with any and all holdings wherein a portion of the costs are charged against the appealing party when the transcript is needlessly burdened with proceedings not presented on the appeal. This, because it is not necessary to incorporate all of the objections to the court's charge in the transcript unless all are distinctly presented as showing errors, and it is not necessary to incorporate the whole of the motion for a new trial in the transcript unless all are distinctly presented as showing errors. It is assuredly true that only the portions of such records actually relied upon as presenting errors need be brought forward in the transcript, and this is obviously preferable.

■ It is likewise true that all assignments of error presented may be arbitrarily numbered and that a reference to the place in the transcript and the portion of same in which the assigned error may be found is all sufficient.

In the case at bar there are such 32 assignments of error, supported by 19 propositions.

■ We do not believe that the trial court erred in overruling appellant's motion for an instructed verdict or its motion for judgment notwithstanding the verdict, on the theory that plaintiff was an employee of George L. Pace and M. T. McClure, who were copartners doing business under the name of Pace and McClure, or that the trial court erred in overruling appellant's motion to have a mistrial ordered upon the theory that the answers found by the jury to issues Nos. 2 and 4 conflict with the answer made to issue No. 26.

Of course, it seems a bit strange to us that even a negro would not know for whom he was working and by whom he was employed, and yet we are able to see how such a condition could arise, but it seems stranger still that the white men who hired this negro are not positive about such a matter and that they are not in accord when they testify concerning the employment.

We will simply say that from the character of testimony which was adduced, the jury could have reasonably found as was done.

■ We do not believe that the answer to issue No. 26 establishes the fact that appellee was employed by Pace and McClure, even if the jury intended to find that appellee was working on the Pace and McClure rig. Under the testimony, the rig could have been owned by Pace and McClure and the employee could have been working for an employer who was using the rig under some arrangement with the owners.

■ Likewise we do not believe that the findings made by the jury to issues Nos. 2 and 4 are so against the overwhelming preponderance of the evidence as that they show bias and prejudice.

We are constrained to overrule the first five propositions and the assignments of error on which they are bottomed.

■ The seventh and eighth propositions contend that the trial court erred in submitting Issue No. 1 to the jury over appellant's objections that the issue is too general and is more inclusive than is permitted, in that it does not require the jury to consider only the injuries that were alleged and permits the jury to speculate on matters outside of the pleadings, and that the issue is on the weight of the evidence in that it assumes that the plaintiff sustained personal injuries and merely inquires whether same were sustained while

plaintiff was working on the Winstead lease, and furthermore, if the issue is not on the weight of the evidence, then it is duplicitous, in that it inquires, first, whether or not plaintiff sustained any personal injuries, and second, whether or not such injuries were sustained while he was working, and it assumes that he was working on the Winstead lease on November 2, 1937, when same is a highly controverted issue of fact.

These objections are well taken. It is not only not undisputed that appellee received accidental injuries, this fact is hotly contested; it is not only not undisputed that appellee was working on the Winstead lease on the day and date alleged by him, but the fact of his working on such lease at such time is likewise hotly contested.

In causes where the injuries are disputed, it is necessary to couch the charge in words that will cover the injury both alleged and supported by proof. The fact that the issue is multifarious is obvious.

Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W.2d 972, writ dismissed correct judgment; Petroleum Casualty Co. v. Schooley, Tex.Civ.App., 131 S.W.2d 291, writ dismissed correct judgment; Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103, writ dismissed correct judgment; Southern Underwriters v. West, Tex.Civ.App., 126 S.W.2d 510, writ refused; Gamer v. Winchester, Tex.Civ.App., 110 S.W.2d 1190, writ dismissed and Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, writ dismissed.

Other cases could be cited, but we call attention only to those wherein the opinions have been before the Supreme Court on applications for writs of error.

 The ninth and tenth propositions contend that the trial court erred in submitting issue No. 6 in such language that the burden of proof is placed upon the insurance carrier to establish the fact that the claimant's total incapacity was not permanent.

The issue as given is: "Do you find from a preponderance of the evidence that such total incapacity, if any, was not permanent?"

The employee was alleging and claiming that he was totally and permanently incapacitated by his injuries. The burden was upon him to establish such facts. The issue is erroneous.

The error is made the more apparent when considered with proposition No. 10, which calls attention to the fact that the insurance carrier not only made the proper objection to issue No. 6, but actually submitted to the trial court an issue which correctly placed the burden of proof on the plaintiff. The trial court refused to give the issue so submitted; 45 Tex.Juri., para. 295, pp. 809–811.

 We will next consider the twelfth proposition, which contends that it was error for the trial court to submit the issue of appellee's wage rate under subsection 3 of Art. 8309, R.C.S., under the facts in this case.

We called attention to the claimant's pleadings supra and to the fact that the insurance carrier admitted in its pleading that there were those who had worked for substantially the whole of the year next preceding the day on which the injury is claimed to have been suffered. This admission set at rest the issue and the proof having failed to sustain claimant's pleading as to subsection 1 of said Article, there was nothing left for the trial court to submit except the amount of wages of such workmen. This the trial court should have done.

 We will not discuss the remaining propositions which touch upon the proper placing of the burden of proof in the issues touching upon prior injuries and illnesses suffered by the claimant. Suffice it to say that the wise thing to do in all workmen's compensation cases is to put the burden of proof on the claimant to make out his right of recovery, and a smart claimant will assume such burden, rather than be confronted with error in the charge.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.