## APPLING et al. v. MORRISON. (No. 1171.)

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1921. Rehearing Denied Feb. 24, 1921.)

1. **Mines and minerals** ⟝79(6)—**Where rental was not paid within time stipulated, lease and option contract should be forfeited.**

Where a lease and option contract in the form of a usual oil lease provided. that, if no well was commenced on or before a fixed date, the lease should terminate, unless the lessee on or before that date shall tender or pay to the lessor's credit in a named bank the sum of $80, the contract will be forfeited, where the lessee failed to make payment or deposit within the time limited, notwithstanding he deposited the payment in the mails, directed to the bank, in sufficient time for it ordinarily to have reached the bank in time, for time was of the essence of the contract.

2. **Mines and minerals** ⟝79(6)—**Forfeiture of lease may be declared, where it was in effect a mere option.**

Where an oil and gas lease required the lessee to begin a well within a time fixed or to pay rental by date of termination, the agreement was a mere option, and in event of the lessee's failure to begin the well or make the payment by the time fixed, forfeiture will be declared despite the rule that equity does not favor forfeitures and will ordinarily relieve against them.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Action by Mrs. M. C. Morrison against T. A. Appling and others. From a judgment for plaintiff, defendants appeal. Affirmed.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

T. A. Morgan, of Marlow, Okl., and F. S. Bell, of Baird, for appellants.

J. R. Black, of Baird, for appellee.

HARPER, C. J. Mrs. M. C. Morrison brought this suit against J. R. Jackson, T. T. Eason, and T. A. Appling to cancel a lease and option contract in the usual form of oil leases, upon the ground that the lessee had failed to begin a well within the time fixed and had failed and refused to pay the sum provided for in the contract for extension of time. The answer is a general denial, and specially that the sum of $80 was to be paid on or before July 6, 1919, for an extension of one year in which to drill a well for oil; that the sum was placed in the mail on the 3d day of July, 1919, addressed to the bank at Baird, the depository provided in the contract; that this was plenty of time for it to have reached the bank in the usual course of mail. Tried before the court, and resulted in judgment for plaintiff, canceling the lease. The court filed the following findings of fact and conclusion of law:

### Findings of Fact.

1. The court finds that on July 6, 1918, A. P. Martin was the owner in fee simple of the land in controversy, and that on the 6th of July, 1918, A. P. Martin and wife, Tula Martin, executed an oil and gas lease on said land to the defendant J. Rupert Jackson, who thereafter assigned said lease to the other defendants herein.

2. The court finds that the rental falling due on the 6th day of July, 1919, was not paid on said date, but a letter carrying said check arrived at the First National Bank of Baird, Tex., the depository named in said lease, on the 8th day of July, 1919, but was not placed to the credit of the plaintiff.

3. That the said lease provided that the rentals should be paid either to the lessor or to said bank.

4. That said rental was mailed at Marlow, Okl., on July 3, 1919, and in due course of mail should have arrived at Baird, Tex., on or before said rental due date.

### Conclusion of Law.

The court concludes as a matter of law that, said rental not having been paid on or before said due date, said lease is forfeited by force of its own terms.

[1] Appellants' contention is that—

"They having remitted the money through the mails in ample time to have reached said depository on or before July 6, 1919, and through no fault of theirs the remittance is delayed en route, but reached said depository a short time after the 6th, they are not guilty of laches and are entitled to the equitable relief invoked."

The provision of the contract relied upon reads:

"If no well be commenced on said land on or before the 6th day of July, 1919, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the First National Bank at Baird, Tex., * * * the sum of eighty and no/100 dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."

Time was of the essence of this contract, and a court of equity will not relieve the vendee who has made default. Weiss v. Claborn, 219 S. W. 884.

[2] Courts of equity do not favor forfeitures, and will usually relieve against them; but this is in no wise a forfeiture. Appellants have not contracted to dig a well, nor to pay rentals. They simply had the privilege so to do, and upon failure to drill within the year, and to pay on or before the time fixed, to lose this privilege; in the words of the trial court:

"The court concludes as a matter of law that, said rental not having been paid on or before said due date, said lease is forfeited by force of its own terms."

Affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes