## GILLESPIE v. BOBO et al.

(Circuit Court of Appeals, Fifth Circuit. March 16, 1921.)

### No. 3619.

1. **Mines and minerals ⬅78(2)—Provision in lease for extension by payment of rental held an option, failure to exercise which terminated lease.**

   In an oil and gas lease, giving lessee the right to drill within one year, otherwise the lease to terminate, a provision that on payment of a stated sum within the year the time for drilling should be extended for six months *held* to give lessee an option, of which time was of the essence, and on failure to exercise the option within the year lessee's rights *held* terminated, not by forfeiture, but by termination of the lease in accordance with its terms.

2. **Mines and minerals ⬅79(4)—Mailing check incorrectly addressed not valid exercise of option to extend lease by payment.**

   Under an oil and gas lease, giving lessee the right to drill for the term of one year, with an option to extend the term by payment of a stated sum within the year, the mailing of a check for the sum within the year, which was not received by lessor because incorrectly addressed, *held* not a valid exercise of the option.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Suit in equity by Arinda Bobo and husband, against E. N. Gillespie and others. Decree for complainants, and defendant Gillespie appeals. Affirmed.

Alexander S. Coke, of Dallas, Tex., and William A. Sipe, Jr., of Tulsa, Okl., for appellant.

R. W. Flournoy, of Fort Worth, Tex., and F. O. McKinsey, of Weatherford, Tex. (Power, Dryden & Rawlings and Flournoy & Smith, all of Fort Worth, Tex., F. O. McKinsey, of Weatherford, Tex., and Stuart & Rattikin, of Fort Worth, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By a written instrument executed on the 30th day of October, 1917, the appellees, Arinda Bobo and her husband, J. W. Bobo, for a stated cash consideration, and for a named share in the oil or other minerals that might be produced, did "grant, demise, lease and let" to C. L. Garrett a described 80-acre tract of land in Eastland county, Tex., "for the sole and only purpose of operating for and producing oil, gas, coal and other minerals thereon and therefrom," with rights of way and other specified privileges necessary, incident to, or convenient for the economical operation of said land for oil, gas, coal or other minerals. The instrument, which will be referred to as the lease, contained the following provision:

"If operations for the drilling of an oil or gas well are not begun on said land on or before the 30th day of October, 1918, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or send to Arinda Bobo, the sum of $80.00, which payment or tender may be made by the check or draft of the lessee, and, however made,

shall operate to confer on the lessee the privilege of deferring the commencement of such well, for six months from said date  Thereafter, in like manner and upon like payments or tenders of said amount, the commencement of said well may be further deferred for additional periods of six months successively, provided always that this lease cannot be kept in force by such payments in the absence of drilling operations for a longer period than ten years from the date last above set forth, if within said time, oil or gas is not found in paying quantities, but if so found, this lease shall continue in full force and effect so long as oil or gas is found in paying quantities."

On May 3, 1918, Garrett assigned the lease to Burford-Brimm Oil & Gas Company. On May 7, 1918, Burford-Brimm Oil & Gas Company assigned the lease to the appellant, E. N. Gillespie. Based upon allegations to the effect that operations for the drilling of an oil or gas well were not begun on said land on or before the 30th day of October, 1918, and that the above-quoted provision of the lease was not complied with according to its terms, the appellees, the lessors, asserted in this suit the claim that the lease had ceased to be effective. The appellant admitted that a well was not commenced on the leased land on or before October 30, 1918, but set up the following state of facts as support for the asserted claim that the rights conferred by the lease had not expired:

Appellant is a citizen and resident of Pennsylvania. Since prior to May, 1918, he has maintained an office in Tulsa, Okl., from which has been transacted such business as he has transacted in Texas. The headquarters of appellant's assignor, Burford-Brimm Oil & Gas Company, are in Tulsa. About two weeks prior to the 30th day of October, 1918, one Funk, appellant's representative at Tulsa, who was charged with the duty of paying rentals on leases held by appellant, examined the lease and found that it gave no information as to the address of the appellee Arinda Bobo. Thereupon Funk applied at the office of Burford-Brimm Oil & Gas Company for information as to the whereabouts or address of Arinda Bobo. The persons connected with Burford-Brimm Oil & Gas Company, from whom Funk expected to get the desired information, were not then in Tulsa, and Funk awaited the return of such persons until October 28, 1918, on which day he telegraphed to C. L. Garrett, the original lessee, at Eastland, Tex., for the address of Arinda Bobo. Failing to get a prompt response to that telegram, Funk, on the evening of October 28, got into communication with Garrett over the long-distance telephone from Tulsa. Garrett then promised to secure the desired address at once and advise Funk thereof by wire. During the afternoon of the next day Garrett sent to Funk at Tulsa a telegram stating, "Arinda Bobo's address Box 43 A, Fort Worth, Texas." Funk received that telegram during the same afternoon. Immediately upon receipt of it Funk, by registered letter addressed to "Mrs. Arinda Bobo, Box 43, Fort Worth, Texas," sent appellant's check to her order for $80 in payment of rental under the lease. As in the telegram the letter "A" was separated by spaces of equal length from the figures preceding it and the word following it, Funk, according to his testimony, construed the insertion of that letter as a typographical error. The registered letter was received at the Fort Worth post office on October 30th. It was not called for in re-

sponse to notices mailed to the address found on the letter. Before that letter was returned to the sender, Funk learned that the appellees were claiming that, because of nonpayment of $80 pursuant to the above set out provision, the lease had ceased to be effective. Thereupon he promptly tendered that amount, and the tender was refused. The failure of appellant to comply strictly with the terms of the quoted provision was attributed to mistake, misunderstanding, or accident.

The following was disclosed by evidence adduced:

Arinda Bobo lived in the country near Fort Worth, on a rural route. Her correct address was "R. F. D. 1, Box 43 A, Forth Worth, Texas." At Fort Worth city post office boxes are designated by numbers only, but some rural boxes are designated by a number followed by a letter. The address "Box 43 A, Fort Worth, Texas," suggests that the addressee is on a rural route. The custom as to mail so addressed is for a directory clerk to make inquiries of rural carriers to ascertain on what route the addressee lives. The carrier on route 1 knew Arinda Bobo, and that her box on that route was 43 A.

One of the court's findings, upon which was based its decree disallowing the claim asserted by the appellant, was to the effect that he was negligent in the tender or sending to the appellee Arinda Bobo of the $80 required to be paid, tendered, or sent to her on or before the 30th day of October, 1918, to prevent the termination of the privilege conferred by the lease.

Even if the assertion by the appellees of the claim that the lease ceased to be in force in consequence of a noncompliance with the terms of the provision above set out amounted to claiming a forfeiture, it seems that appellant would not be entitled to relief against such forfeiture, if his failure to comply was due to his own negligence, and not to unavoidable accident, fraud, surprise, or excusable ignorance. Pomeroy's Eq. Juris. (4th Ed.) § 451. It cannot well be said that the evidence furnished no support for the court's finding that the appellant was negligent in the matter of tendering or sending the money to Mrs. Bobo. It is not a strained inference from the evidence adduced that, if due diligence had been exercised, or even if the address given had been used, the $80 could have been got to Mrs. Bobo in time to prevent her raising any question about the acceptance of it. But the court's decree may be sustained on grounds other than the negligence of the appellant in the matter of sending the $80.

[1] There was no forfeiture within the meaning of the equitable rule or doctrine on that subject. A result of a forfeiture is a loss or divestiture of something previously acquired or vested conditionally. 10 R. C. L. 329. The consequence of a failure to do what is required to acquire a right or thing is not a forfeiture of it. A forfeiture by a debtor is frequently prescribed or provided for as a means of securing the payment of the debt, the subject of the forfeiture being of greater value than the amount of the debt. In such case, equity, recognizing that the main purpose is to afford security to the creditor, relieves the debtor from the forfeiture upon his paying the debt, with interest; the payment of interest being full compensation for the debtor's failure to pay

the debt when it was due. 1 Pomeroy's Eq. Jur. (4th Ed.) § 381. It was no part of the purpose of the above set out provision of the lease to secure the payment of any sum due to the appellees or either of them. The appellant was under no obligation to pay the $80. There was no debt to be secured. The quoted provision stated the condition to be complied with by the lessee to obtain an extension of the time allowed for beginning drilling operations. Compliance with that condition would have been the exercise of an option given to the lessee.

Such instruments as the one in question have been passed on frequently by the courts of Texas. It is well settled by the decisions of those courts that such an instrument confers on the so-called lessee a privilege for the specified time, with the option to secure the extension of the privilege for an additional period upon complying with the prescribed condition, and that time is of the essence of such a provision as the one above set out. Ford v. Barton (Tex. Civ. App.) 224 S. W. 268; Bailey v. Williams (Tex. Civ. App.) 223 S. W. 311; Young v. Jones (Tex. Civ. App.) 222 S. W. 691; Ford v. Cochran (Tex. Civ. App.) 223 S. W. 1041. The equitable rule as to relieving against forfeitures has no application to the case of a failure of a holder of an option to do, within the time fixed, what is required to acquire the thing which is the subject of the option. Equity does not undertake to dispense with compliance with what is made a condition precedent to the acquisition of a right. Kelsey v. Crowther, 162 U. S. 404, 16 Sup. Ct. 808, 40 L. Ed. 1017; Waterman v. Banks, 144 U. S. 394, 12 Sup. Ct. 646, 36 L. Ed. 479; 1 Pomeroy's Eq. Juris. (4th Ed.) § 455.

The contract states the terms on which the appellees agreed that a termination, on October 30, 1918, of the privilege of drilling or exploring for oil or other minerals, could be prevented. It conferred no right to prevent such termination, otherwise than by a compliance with those terms.

[2] It may be conceded or assumed that the provision would have been complied with if the check for $80 had been duly mailed to Arinda Bobo on or before the 30th day of October, 1918, though not in time to reach her on that day. But if a sending by mail was in the contemplation of the parties it must also have been intended that the address used would be such a one as to give some assurance that the check would, in due course of the mail, reach Arinda Bobo. We think the incorrectness of the address made use of kept the mailing of the check from being a sending of it to Mrs. Bobo within the meaning of the contract. The result would not have been different if the name stated in the address had been that of another person, a stranger to the contract.

The evidence did not show that the appellant did what was required to constitute an exercise of his option within the time allowed by its terms. The court properly ruled against the claim he asserted.

The decree is affirmed.