### WILSON v. GASS et al. (No. 9652.) *

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1926. Rehearing Denied Dec. 4, 1926.)

1. **Mines and minerals** ☞78(1)—Oil lease held to be contract giving renewable option to drill within stipulated time.

Oil and gas lease *held* to be contract giving lessee option to enter leased property and be-begin drilling within stipulated period, which might·be renewed by payment of stipulated rental, and which ceased to exist if drilling was not begun within such period and rental not paid.

2. **Mines and minerals** ☞78(7)—Equitable owner of oil lease, who did not drill or get extension of stipulated time, had no cause of action against lessor.

Equitable owner of oil and gas lease, which gave option to begin drilling within stipulated time, *held* to have no cause of action against lessor after expiration of such time, where he did not pay stipulated rental to get extension, notwithstanding lessor did not know of his rights when lease was issued.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by H. C. Gass and others against L. F. Wilson and others. Judgment for plaintiffs, and the named defendant appeals. Reversed and rendered.

Johnson & Miller, of Fort Worth, for appellant.

Stennis & Stennis, of Dallas, for appellees.

JONES, C. J. This is an appeal by L. F. Wilson, appellant, from a judgment of $6,000 entered against him and G. A. Devien and Campbell Wood, as codefendants, in favor of H. C. Gass, appellee, in a district court of Dallas county. Devien and Wood have perfected no appeal. The facts, briefly stated, are as follows:

On February 7, 1920, appellant was the owner of a tract of land in Archer county, Tex., and entered into a written contract with Devien to lease to him the oil and gas rights on 80 acres of this land, under "producer's 88 form," for a bonus of $2,400. This agreement was later amended to include 120 acres, and the bonus increased to $3,600. Devien and Campbell Wood, who appears to have been a partner of Devien in these transactions, agreed to lease the 120 acres to appellee for a consideration of $4,800, under said "producer's 88 form." On March 3, 1920, the lease was duly executed by appellant within the terms of said "producer's 88 form" and taken in the name of A. G. Wood, at the suggestion of Devien and Campbell Wood; appellant understanding that those were the initials of Campbell Wood, and that he was acquiring the lease. Appellant did not know of the agreement of said parties with appellee. The $3,600 was subsequently paid to appellant by Devien, and the remaining $1,200 was divided between Devien and Campbell Wood; appellee having paid to them, in accordance with his agreement, the sum of $4,800. Appellant did not know, at the time the lease was executed, that appellee had furnished the entire purchase money.

This lease was not placed of record in Archer county, and appellee did not receive the lease or any assignment thereof from A. G. Wood, or any of the parties connected with same, or, if he did receive either of them, same had been lost before going to record. On October 19, 1920, appellee's attorney wrote to appellant, acquainting him with the fact that his client was the owner of the lease, had furnished the entire amount of the purchase price, and that, if he had ever received the lease, or an assignment thereof, he had lost same, and requested that a new lease be made to him, as the lessee, and also requested a copy from appellant of whatever lease he had executed on the land. Appellant at once replied that he had executed a lease on the land on March 3, 1920, with A. G. Wood as lessee; that he had done this at the

request of Devien, with whom he had contracted to execute a lease, and sent a copy of the original lease.

Some other correspondence intervened between the parties, the last from appellee being a letter from his attorney, October 26, 1920, advising appellant that Devien and Wood would call on him to straighten out the matter, and again insisting on a lease in the name of appellee. Appellant, on October 27th, wrote appellee to the effect that he would execute a new lease in lieu of the lost one, but insisting that, as the original lease was outstanding, he would have to make it in the name of A. G. Wood, to prevent any complication that might arise if the original was found and placed of record. The matter rested here between the parties until March 17, 1921, when appellee wrote to appellant an inquiry as to whether the rental of $60 provided for in the lease had been paid by either Devien or Wood, and at once received the reply that it had not been paid, and because of this fact, and exercising his right under the terms of the lease, he had declared it forfeited. He then refused to execute a new lease, or to recognize any one of the parties as having any interest in the leased land.

The lease was for a period of five years "and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee," and contained the following stipulation:

"If no well be commenced on said land on or before the 3d day of March, 1921, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor, or to the lessor's credit in the Wichita State Bank & Trust Company, bank at Wichita Falls, Texas, or its successors, which shall continue as a depository regardless of changes in the ownership of said land, the sum of sixty and no/100 dollars, which shall operate as rental and cover the privilege of deferring the commencement of a well for six months from said date."

It also provided for a continuance of the lease by paying a like sum of money within each succeeding six months thereafter during the five-year period. No well was begun, nor was the $60 rental provided for paid or tendered on or before March 3, 1921, and after said date appellant duly declared the lease forfeited.

On April 1, 1921, appellee filed this suit in the district court of Dallas county against appellant, Devien, and Campbell Wood, setting up the fact of his ownership of the lease, and in which he alleged a mutual mistake in executing the lease in the name of A. G. Wood, and sought the relief of specific performance by requiring the execution to him of a lease under the terms above stated, and, in the alternative, if this relief for any cause could not be granted, he alleged that he had been damaged in the sum of $25,000 by the failure and refusal of appellant to execute to him on his demand the lease of the land, and prayed recovery in same amount.

[1] This character of oil and gas lease has been construed frequently in this state, and always to the effect that it is merely a contract giving to the lessee an option to enter upon the leased property and begin drilling within the stipulated period, which option to enter upon the premises and begin drilling may be renewed from time to time by the payment of the stipulated rental, and that if the well is not begun or the stipulated rental not paid within the designated time, the result of such failure is that the right of option no longer exists. Smith v. Harris et al. (Tex. Civ. App.) 252 S. W. 836; Appling et al. v. Morrison (Tex. Civ. App.) 227 S. W. 708; Weiss v. Claborn et al. (Tex. Civ. App.) 219 S. W. 884; McLaughlin v. Brock et ux. (Tex. Civ. App.) 225 S. W. 575; Ford v. Barton (Tex. Civ. App.) 224 S. W. 268; Stovall v. Texas Co. (Tex. Civ. App.) 262 S. W. 152.

[2] The undisputed evidence is that appellant did not know, at the time of the execution of the lease to A. G. Wood, anything of appellee's rights in the lease; that he executed the lease as directed by those to whom appellee had intrusted the securing the lease for him; and that during the life of the lease appellant was willing to execute, in lieu of the lost original, another lease, to the same party and under the same terms as the original.

. If appellee had been named as the lessee, and had failed to begin drilling or pay the $60 rental in accordance with the terms of the lease, there could be no question but what appellant would have had the right to declare the forfeiture. The fact that appellee was the equitable owner of the lease, and not the legal owner, in no way relieved him from the terms of the contract. If he desired the option extended beyond March 3, 1921, the instrument pointed out to him, as the equitable owner, the precise manner in which this could be done. For several months before the first option period expired appellee knew of the terms of this lease, and knew that, in order to extend the option, the $60 rental had to be paid or tendered, as stipulated, on or before March 3, 1921, or any right he might have would be lost. We therefore hold that appellee had no cause of action whatsoever at the time the suit was filed.

A great many other assignments of error are raised by appellant, but because of the disposition we have made of this case it is rendered unnecessary to discuss them.

It is the opinion of this court that this case, as to appellant, should be reversed, and here rendered in his favor.

Reversed and rendered.