## KEELER et al. v. DUNBAR et al.

Circuit Court of Appeals, Fifth Circuit.
February 3, 1930.

No. 5681.

L. E. Dadmun, of Los Angeles, Cal. (B. Frank Haag, of Midland, Tex., and Ben S. Hunter and L. E. Dadmun, both of Los Angeles, Cal., on the brief), for appellants.

E. L. Klett, of Lubbock, Tex., and P. H. Swearingen, of San Antonio, Tex. (Bean & Klett and Geo. R. Bean, all of Lubbock, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiffs appeal from a judgment dismissing their suit upon demurrer. They allege in substance that they had acquired from the defendants a

mineral lease upon certain lands for a stipulated consideration, containing the following clause:

"If no well be commenced on said land on or before the 26th day of November, 1927, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or the lessor's credit in the First State Bank at Seminole, Texas, or its successors, which shall continue as the depository, regardless of changes in the ownership of said land, the sum of $621.50, which shall operate as rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months [successively]. And it is understood and agreed that the first consideration recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

The pertinent allegations of the petition with respect to compliance with this provision of the lease, are as follows:

"Plaintiffs would further show, that heretofore, to wit, October 19, 1927, the plaintiff F. E. Keeler delivered to the Western Union Telegraph Company at Mason City, Iowa, the sum of six hundred twenty-one and 50/100 ($621.50) dollars, with the request that said Western Union Telegraph Company transmit said money to the credit of P. C. Dunbar and Proctor S. Dunbar, in the First State Bank of Seminole, Texas. And that the Western Union Telegraph Company in compliance with request of plaintiff, transmitted by wire, said money to its office at Lamesa, Texas, which said office is the nearest Western Union telegraph office to Seminole, Texas, and with the request that said sum be transmitted by mail to the First State Bank of Seminole, Texas, for the credit of P. C. Dunbar and Proctor S. Dunbar. *That plaintiffs have been informed and believe, and allege to be a fact, that the Western Union Telegraph Company did transmit said money from its office at Lamesa, Texas, and that said money, without fault on part of plaintiffs, being delayed in transit, reached the First State Bank of Seminole, Texas, November 27, 1927.* That the First State Bank of Seminole, Texas, had

been instructed by the defendant P. C. Dunbar and Proctor S. Dunbar not to accept said money for their account, and return the same to the Western Union Telegraph Company office, Lamesa, Texas. That plaintiff, upon learning that the said First State Bank of Seminole, Texas, had refused to accept said money, subsequently tendered said money to the account of P. C. Dunbar and Proctor S. Dunbar, and that plaintiffs have subsequently tendered said money to said defendants in person, and that said defendants have refused and still refuse to accept said rental." (Italics by the author of this opinion.)

It is well settled that stipulations of the kind quoted above in oil and gas leases, where time is of the essence of the agreement, require no putting in default, and the rights of the lessee are lost at the expiration of the last day, unless the rental is paid. One using the telegraph, as plaintiffs allege they did in this case, must be held to have chosen their own agent for that purpose, and the failure to deliver or tender the money required to keep the lease alive within the time fixed by the contract, cannot be attributed to the defendants. The quoted allegation of the petition clearly discloses that the funds reached the depository bank on the 27th of November, when they should have been paid not later than midnight on the 26th. The effect is that on the face of the petition the lease had expired. Gillespie v. Bobo (C. C. A.) 271 F. 641.

Plaintiffs make certain other allegations in extenuation or justification of their failure to make the payment in time, but these have to do with objections to the title of the property covered by the lease raised by persons to whom they proposed to transfer. They do not allege that they were disturbed in their possession, but merely that they had requested defendants to execute affidavits to correct these alleged defects. This, in our opinion, did not justify their failure to pay the rental so as to preserve the life of the lease. Their remedy was, after taking the steps necessary to keep the contract in force, to bring whatever action might be required to remove whatever clouds from the title. They could not, after allowing the lease to lapse, raise these issues for the purpose of escaping the consequences.

Our conclusion is that the judgment of the lower court is correct, and it is accordingly affirmed.