**VETERANS' LAND BOARD, Appellant,**

v.

**J. R. AKERS, Jr., et al., Appellees.**

**No. 14529.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 9, 1966.

———◆———

Waggoner Carr, George C. Black, Jr., Hawthorne Phillips, T. B. Wright, J. Arthur Sandlin, Austin, for appellant.

Steinle & Davis, Jourdanton, Tom Joseph, San Antonio, for appellees.

BARROW, Justice.

This is a suit for damages for breach of a covenant of general warranty. Appellant, Veterans' Land Board of the State of Texas, complains of the take-nothing judgment entered following a nonjury trial in the suit which it brought against appellees, J. R. Akers, Jr., and Florence Mae Akers.

On February 21, 1950, appellees conveyed to appellant by general warranty deeds two tracts of land out of the S. B. Hethcock Survey No. 76, Atascosa County, Texas. One tract, consisting of 41 acres, was sold by appellant to Nerice Lee Wright under a contract of sale entered into under the Texas Veterans' Land Program. The other, consisting of 20.5 acres, was sold under a similar contract to Nolan R. Wright. The Wright brothers were joined as parties defendant in this suit by appellant, who sought to reform the contracts of sale by having any recovery set over to these parties in fulfillment of the contracts of sale.

It is urged that there is a breach in the covenant of warranty in that a total of 10.18 acres of the land conveyed by appellees is vacant unsurveyed land belonging to the Permanent School Fund of the State of Texas by reason of the following facts: In 1927 C. J. Lawson filed an inquiry with the General Land Office concerning purchase of a tract of land pursuant to Art. 5323, Vernon's Ann.Civ.St. Repealed. Acts 1931, 42nd Leg., p. 452, ch. 271, § 13. On January 19, 1928, he filed an application for a survey of this tract by Delaney W. Cobb, an authorized surveyor in Atascosa County. On February 7, 1928, Cobb filed field notes of a survey of 27.85 acres of land made for Lawson pursuant to said application, and these field notes were duly recorded in the Surveyor's Office of Atascosa County. The Land Commissioner made a finding that the land was vacant, unsurveyed school land and filed the survey in the records of maps of the General Land Office as Survey No. 76½. The land was valued at $5.00 an acre and was offered for sale to Lawson, however, neither he nor any other person ever purchased same.

The evidence offered at the trial is not conclusive as to whether a vacancy actually exists, in that the only surveyor who testified admitted that he did not locate any of the original monuments. Appellant urges, however, that the action of the General Land Commissioner in 1928, approving the field notes and declaring the vacancy, is presumed to be valid unless clearly proved erroneous by appellees.

The Cobb survey found that the vacancy occurred because the southern boundary line of the S. B. Hethcock Patent No. 76 was some 135 varas north of the John Sherman No. 1117. It is significant that the Hethcock No. 76 is a junior patent to the Sherman No. 1117, and the description'

of the Hethcock Patent calls for adjoinder to the Sherman Patent. See Stanolind Oil & Gas Co. v. State, 129 Tex. 547, 101 S. W.2d 801, 807 (1937); Magnolia Petroleum Co. v. Biel, Tex.Civ.App., 285 S.W.2d 858, wr. ref. n. r. e.; 14 Tex.Jur.2d, Boundaries, § 30.

■ It is unnecessary for us to determine ownership of the 10.18 acres in controversy, since appellant wholly failed to show an eviction. It is fundamental that a cause of action for breach of covenant of warranty does not arise until there has been an eviction. Schneider v. Lipscomb County Nat. Farm Loan Ass'n, 146 Tex. 66, 202 S. W.2d 832, 172 A.L.R. 1 (1947); Schell v. Black, Tex.Civ.App., 321 S.W.2d 373, no wr. hist.; 15 Tex.Jur.2d, Covenants, §§ 34, 35.

This question was discussed at length in *Schneider,* supra, where the Supreme Court, under somewhat analogous facts, said in part: "Formerly, actual eviction was required before suit could be brought, but now suit may be brought after constructive eviction or ouster in pais, as when the paramount title has been positively asserted against the covenantee and he has yielded to it by surrendering possession or by purchasing the title." Two elements were held necessary to establish a constructive eviction: (1) a positive assertion of a paramount title, and (2) a yielding to that assertion of title.

The General Land Office had not only found part of the tract purchased by Schneider to be vacant unsurveyed school land, but had awarded same to one Sansing after he purchased it in accordance with the statute. The Court of Texas Civil Appeals (196 S.W.2d 954) held that the issuance or making of the award had the effect of a constructive eviction. The Supreme Court reversed this holding and determined that since Schneider did not yield to the award,

but remained in possession and contested it by suit, there was no eviction, either actual or constructive, until after Schneider lost the suit he filed against Sansing over ownership of the land. The Supreme Court observed that a determination by the Land Commissioner that land is unsurveyed vacant land, belonging to the State, is ordinarily regarded as tentative and is almost invariably followed by a suit to develop the facts fully and to obtain an authoritative and final decision of the question.

■ Here there was no actual award in that the offer to Lawson was forfeited when he failed to complete the purchase. Appellant urges, however, that there was a constructive eviction in that in 1929, and again in 1955, the General Land Office issued a permit to applicants to prospect for metallic minerals and precious stones on Survey No. 76½. It has been held that an oil and gas lease amounts to only a cloud on the title. See Schell v. Black, supra.

■ In any event there was no evidence that anything was done on the land in controversy by either permit holder. To the contrary, the uncontradicted evidence establishes that the two tracts were surveyed by the Veterans' Land Board prior to the purchase in 1950 and presumably contained the described 61.5 acres. The Wright brothers have continuously claimed all the land sold to them under the contracts of sale without any challenge by anyone to their ownership and they have not yielded or recognized any other party's rights to part of the land.

Appellant wholly failed to establish that there has been an eviction, either actual or constructive. Therefore, the trial court did not err in entering a take-nothing judgment in this suit for breach of appellees' covenant of general warranty.

The judgment is affirmed.